[822 NYS2d 520]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VENUS HARRISON, Appellant.

First Department, October 17, 2006

APPEARANCES OF COUNSEL

*Gail Gray*, New York City, for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Paula-Rose Stark* and *Deborah L. Morse* of counsel), for respondent.

## OPINION OF THE COURT

MALONE, J.

This appeal raises the issue of whether, in the aftermath of *People v Green* (5 NY3d 538 [2005]), decided subsequent to defendant's trial, the court erred in answering "yes" to the jury's note asking, "If a person attempts to forcibly regain property that he or she truly believed is his or hers, does that make that person subject to the law of attempted robbery." Because of *Green* (*id.*), we must find that the court's response was erroneous and that the error was not harmless. Accordingly, we reverse and remand the matter for a new trial.

At trial, the prosecution presented evidence that on March 27, 2002, 66-year-old Siiri Marvits was walking along West 4th Street carrying a plastic shopping bag and a black backpack strapped to her shoulders and/or her back when defendant yanked the backpack from behind and yelled, "She stole my bag." A struggle ensued over the backpack, with Marvits calling out to people nearby to call the police. During the scuffle, defendant began rifling through the plastic shopping bag that Marvits had dropped, allegedly stating, "Let's see what's in here."

Bystander John Omar Honeyman, having observed Marvits and defendant fighting over the backpack, approached the two, who were giving conflicting versions of what had transpired. Mr. Honeyman then asked both Marvits and defendant to describe the contents of the backpack and offered to settle the matter by then looking inside the bag. At that point, defendant reached into his pocket and pulled out a penknife, allegedly pointed it at Marvits's face and then began to saw the straps of Marvits's backpack. When police responded to the scene, defendant did not attempt to flee. The knife was recovered and when the backpack was searched, Marvits's passport and other personal papers were found inside.

Pat Greenidge, a friend of defendant, testified for the defense that the backpack matched the description of a backpack she gave to defendant the day before this incident.

After summations, the court instructed the jury on the prosecution's burden to prove beyond a reasonable doubt each

element of attempted robbery, including that defendant possessed the intent to deprive another person of property.

Under *People v Green* (5 NY3d 538, 544 [2005]), defendant, while not entitled to a specific "claim of right" jury instruction, was nevertheless free to argue to the jury that he had a good faith but mistaken claim of right to the property, and that the prosecution therefore failed to prove his intent to take property from someone with a superior right to possession. To that end, the jury heard the prosecution's theory that defendant's yells claiming ownership of the backpack were merely part of a well-planned con rather than indicative of a good-faith belief that the backpack belonged to him. The jury also heard testimony that, during the altercation, defendant rummaged through Marvits's plastic shopping bag examining its contents, threatened Marvits with a knife and began to saw the straps of the backpack that was still strapped to her, all tending to discredit defendant's claim that he truly believed the backpack was his. Nevertheless, we are compelled to reverse because the court's answer to the jury question left the erroneous impression that defendant's belief as to the true ownership rights of the backpack was irrelevant. Consequently, we must find that the court's response to the jury question was both erroneous and not harmless (*People v Crimmins*, 36 NY2d 230 [1975]).

In view of this disposition, we need not reach defendant's remaining contentions.

Accordingly, the judgment of the Supreme Court, New York County (Ronald A. Zweibel, J.), rendered August 9, 2002, convicting defendant, after a jury trial, of attempted robbery in the third degree, and sentencing him to a term of imprisonment of 10 years, should be reversed, on the law, and the matter remanded for a new trial.

Saxe, J.P., Gonzalez, Catterson and McGuire, JJ., concur.

Judgment, Supreme Court, New York County, rendered August 9, 2002, reversed, on the law, and the matter remanded for a new trial.